**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TINA EMERSON                                                                                    PLAINTIFF
ADC #710724

V.                                            NO: 5:12CV00449 SWW/HDY

RAY HOBBS *et al.*                                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan

W. Wright.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Tina Emerson, an inmate who is currently incarcerated at the Arkansas Department of Correction's McPherson Unit, filed this *pro se* complaint (docket entry #1) on December 6, 2012. Because Plaintiff's claims against two Defendants were unclear, and because the complaint appeared to contain unrelated claims, Plaintiff was directed to file an amended complaint. On April 29, 2013, Plaintiff filed an amended complaint, which appears to narrow her claims to allegedly improper prison discipline (docket entry #14). Shortly thereafter, on May 14, 2013, Plaintiff filed a motion to voluntarily dismiss her complaint, or to stay the proceedings so that she could pursue claims in a *habeas* action where, she wrote, "invalidation is sought" (docket entry #17). The undersigned's recommendation to grant that motion was declined by Judge Wright after Plaintiff filed motions indicating that she did not want to dismiss her complaint (docket entries #19 & #20).

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed.R.Civ.P. 8(a)(2)

requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*,

355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be

granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the

speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible

on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must

be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044

(8th Cir.2002) (citations omitted).

## II.  Analysis

Reading Plaintiff's amended complaint in concert with her motion for an order and motion

to stay (docket entries #19 & #20), it is apparent that Plaintiff is asserting that Defendant Stephen

Moore has falsely accused her of one or more disciplinary violations, which has led to the loss of

good time and delayed her parole.[1]  For instance, Plaintiff asserts that "the goal is to invalidate" and

that she seeks a stay pending a *habeas* matter (docket entry #19).  Plaintiff is challenging her

---

[1]To the extent that Plaintiff raised other claims in her original complaint, they should be dismissed without prejudice, and she may pursue them in other actions.  The Court notes that Plaintiff is pursuing inadequate medical care claims in *Emerson v. Williams*, ED/AR No. 1:12CV00129.

disciplinary convictions, and seeking her release, in *Emerson v. Hobbs*, ED/AR No. 5:13CV00136. In that *habeas* case, Plaintiff asserts that Moore falsely accused her of a disciplinary violation on April 19, 2010 (*See* ED/AR No. 5:13CV00136, docket entry #1, page #5). Both Plaintiff's *habeas* case and this case involve an alleged spitting incident when Moore was on one side of a door, and Plaintiff on the other (docket entry #14, page #1). Additionally, Plaintiff referenced 5:13CV00136 in her motion to dismiss (docket entry #17).

Based on her original complaint, and a note in her amended complaint that Moore is the cause of the imminent foreclosure of her home, it appears that Plaintiff is seeking damages. However, because Plaintiff lost good time in her disciplinary proceedings (docket entry #14, page #3), her complaint should be dismissed. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*. *Id*. at 486-487.

The reasoning in *Heck* has also been applied to prison disciplinary convictions. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding an inmates's due process claim for declaratory relief and money damages regarding disciplinary citation resulting in good time loss is not cognizable under § 1983 as it would necessarily imply the invalidity of the disciplinary conviction under *Heck*). There is no indication that Plaintiff's disciplinary conviction, or the loss of her good time credits, has been reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*, and any judgment in her favor would imply the invalidity of the disciplinary conviction and good

time loss.[2]  Accordingly, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.      All pending motions be DENIED AS MOOT.

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

DATED this __18__ day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]It is possible that Plaintiff initially moved to dismiss, and has now filed a motion to stay this case pending outcome of her *habeas* petition, because of *Heck* (docket entry #17).